BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
AUDREY B. HEMESATH
KEVIN C. KHASIGIAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN ZINNEL and<br>DERIAN EIDSON,<br><br>    Defendants. | 2:11-CR-00234 TLN<br><br>STIPULATION AND ORDER TO AMEND THE PRELIMINARY ORDER OF FORFEITURE TO INCLUDE CERTAIN SUBSTITUTE PROPERTY OF DEFENDANT ZINNEL |

It is hereby stipulated by and between the United States of America and Defendant Steven Zinnel ("Zinnel"), by and through their respective counsel, to amend the Preliminary Order of Forfeiture previously entered in this case to include certain property of the defendant as substitute property, to partially satisfy the money judgment of forfeiture entered against him as a result of his criminal convictions:

1.   On July 16, 2013, the jury in this case found Defendant Zinnel guilty of two counts of bankruptcy fraud, nine substantive money laundering counts, and three counts of transactions in criminally derived property.

2.   On September 20, 2013, the Court entered a Preliminary Order of Forfeiture as to all right title and interest of defendant Zinnel in two parcels of real property and two businesses. The Preliminary Order of Forfeiture also included a money judgment in favor of the United States in the

amount of $1,297,158.20, the proceeds of the money laundering offenses for which defendant Zinnel was convicted.  To date, the money judgment remains unpaid.

3. On November 5, 2013, federal agents seized funds held in two accounts connected to Zinnel: (1) Approximately $65,534.85 seized from First Bank Account Number 242-5126004, held in the name of Steve Zinnel; and (2) Approximately $53,362.51 seized from Wells Fargo Bank Account Number 358-4700995, held in the name of Best Build, Inc. (hereafter "seized funds").

4. The Internal Revenue Service ("IRS") commenced administrative forfeiture proceedings against the seized funds, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about January 30, 2014, the IRS received a claim from Zinnel asserting an ownership interest in the seized funds.

5. Defendant Zinnel asserts that he is the sole owner of the seized funds.

6. On March 4, 2014, Zinnel was sentenced to 212 months as a result of his criminal convictions.  At the conclusion of sentencing, the Preliminary Order of Forfeiture was made final as to defendant Zinnel.

7. The government and Defendant Zinnel, by and through their counsel of record, hereby stipulate that, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), the property described above is substitute property and shall be used to partially satisfy the money judgment entered against defendant Zinnel.  Particularly, the parties agree that Rule 32.2(e)(1)(B) authorizes the court to amend an existing order of forfeiture at any time to order the forfeiture of substitute assets; and that 21 U.S.C. § 853(p)'s requirements for substitute assets are satisfied.

8. The parties specifically stipulate that:

   a. Upon entry of a Final Order of Forfeiture, if no superior claim is established in the ancillary proceeding, approximately $65,534.85 seized from First Bank Account Number 242-5126004 and approximately $53,362.51 seized from Wells Fargo Bank Account Number 358-4700995, together with any interest that has accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p), and credited to Zinnel's money judgment as described herein.

Stipulation to Amend Preliminary Order of Forfeiture to Include Substitute Assets

1        b.      Upon entry of a Final Order of Forfeiture, if no superior claim is established in the ancillary proceeding, all right, title, and interest in Best Build, Inc., a California corporation, entity number C3198834, together with any uncashed checks, money orders or affiliated assets of the company, shall be seized, sold and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. §§ 853(g) and (p), and credited to Zinnel's money judgment as described herein.

9.      The parties further stipulate that the United States shall, pursuant to 21 U.S.C. § 853(n), commence the ancillary proceedings required to finalize the forfeiture of the substitute property.

10.     a.      Pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of this order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

        b.      This notice shall state that any person, other than the defendants, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

11.     Nothing in this Stipulation shall be construed as an admission of liability, fault, or wrongdoing by any party.

12.     Each party shall bear his or its own costs and attorney's fees.

13.     In the event the Ninth Circuit modifies or reverses the forfeiture order in this case, the parties agree to follow and abide by the terms of the appellate mandate.

14.     The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Stipulation, and the government agrees to provide to Zinnel's counsel and the U.S. Probation Office a statement in writing of the total amount of funds forfeited and credited to Zinnel's money judgment.

///

Stipulation to Amend Preliminary Order of Forfeiture to Include Substitute Assets

15. Each person signing this Stipulation warrants and represents that he possesses full authority to bind the party on whose behalf he is signing to the terms of the Stipulation.

IT IS SO STIPULATED.

Dated: 5/21/14
BENJAMIN B. WAGNER
United States Attorney

/s/ Kevin C. Khasigian
MATTHEW D. SEGAL
AUDREY B. HEMESATH
KEVIN C. KHASIGIAN
Assistant United States Attorneys

Dated: 5/21/14
/s/ Suzanne A. Luban
SUZANNE A. LUBAN
Attorney for Steven Zinnel

(Authorized by email)

**ORDER**

IT IS SO ORDERED.

Dated: May 22, 2014

Troy L. Nunley
United States District Judge