UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN ZINNEL,<br><br>    Defendant. | No. 2:11-cr-00234-TLN<br><br>**ORDER STAYING DEFENDANT'S COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL AND ORDER TO STRIKE DEFENDANT'S PRO SE FILINGS** |

    This matter is before the Court on Defendant Steven Zinnel's ("Zinnel") Counsel's Motion to be Relieved as Counsel for Defendant. (ECF No. 423.) Defense Counsel states she represented Zinnel at sentencing before this Court and "currently still represents Mr. Zinnel on direct appeal." (ECF No. 423 at 1–2; ECF No. 268.) Zinnel is a federal prisoner, and he has recently filed a number of pleadings pro se. (ECF Nos. 409, 411, 419, 420, & 425.) Defense Counsel argues Zinnel's recent pleadings "are outside the scope of [Defense Counsel's] representation." (ECF No. 423 at 2.) Defense Counsel adds she is a lecturer at Stanford Law School, co-teaches in the Criminal Defense Clinic, and commutes between East Bay and Palo Alto. (ECF No. 423 at 2.) Defense Counsel states "Mr. Zinnel agrees to the proposed substitution and has requested the Court to allow him to proceed in pro per." (ECF No. 423 at 2.)

///

1

This matter is currently on direct appeal before the Ninth Circuit. (ECF Nos. 326, 355.) The Ninth Circuit therefore has jurisdiction over this matter. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990). Ninth Circuit Rule 4-1 states counsel shall continue to represent a defendant until relieved or substituted in accordance with the rule, and the rule requires motions to withdraw be filed with the Ninth Circuit Clerk of the Court. 9th Cir. R. 4-1(a), (c). Accordingly, this Court does not have jurisdiction to rule on Defense Counsel's motion to be relieved while the Ninth Circuit has jurisdiction over this matter. *United States v. Huerta*, 72 F.3d 136 (9th Cir. 1995) (unpublished) (holding the district court lacked jurisdiction to act on appointed counsel's request to be relieved of the appointment, and vacating the district court's order denying the request based on a prior, similar version of 9th Cir. Rule 4-1(a)).

In his pro se filings, Zinnel has asked this Court to address a myriad of concerns which his Defense Counsel has not raised. "A criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel. The decision to allow such hybrid representation is within the sound discretion of the [trial] judge." *United States v. Bergman,* 813 F.2d 1027, 1030 (9th Cir. 1987)) (emphasis original) (internal citation omitted); *United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015). Accordingly, this Court declines to address Zinnel's pro se filings because he was represented by counsel when he filed his motions.

The Court hereby STAYS Defense Counsel's Motion to be Relieved as Counsel for Defendant (ECF No 423) and directs the Clerk of the Court to terminate Zinnel's pro se motions (ECF Nos. 409, 411, 419, 420, & 425).

IT IS SO ORDERED.

Dated: 1/31/2018

Troy L. Nunley
United States District Judge