UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN ZINNEL,<br><br>    Defendant. | No. 2:11-cr-00234-TLN<br><br>**ORDER GRANTING DEFENDANT'S COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL AND ORDER TO STRIKE DEFENDANT'S PRO SE FILINGS** |

This matter is before the Court on Defendant Steven Zinnel's Counsel's Motion to be Relieved as Counsel for Defendant. (ECF No. 423.) The Court previously stayed this motion because the case was on direct appeal before the Ninth Circuit and this Court did not have jurisdiction to rule on Defense Counsel's motion to be relieved while the Ninth Circuit had jurisdiction over this matter. (ECF No. 428 at 2.) The Ninth Circuit has since ruled, affirming in part and reversing in part, and remanded, and the mandate has been filed on the docket. (ECF Nos. 431, 455.) Thus, this Court has jurisdiction and will consider Defense Counsel's motion.

Local Rule 182(d) governs the withdrawal of counsel. Defense Counsel's motion as signed by Defense Counsel and Mr. Zinnel, states Mr. Zinnel was informed and consents to the withdrawal, and explains that he wishes to proceed in pro per. (ECF No. 423 at 1–3.) The motion also provides Mr. Zinnel's current address. (ECF No. 423 at 4.) The motion, therefore, meets the requirements for withdrawal under Local Rule 182(d). Accordingly, the Court grants

Defense Counsel's Motion to be Relieved as Counsel for Defendant.

Defense Counsel also requests the Court grant the withdrawal retroactive to December 5, 2017, a date before Mr. Zinnel filed multiple filings on the docket.  (ECF No. 423 at 2.)  Defense Counsel cites no authority for granting a retroactive withdrawal.  (ECF No. 423 at 1–3.)  Accordingly, the Court denies Defense Counsel's request that the Court grant her withdrawal retroactive to December 5, 2017.

Some of Mr. Zinnel's filings are mooted by this order.  (*See* ECF No. 423, Def't.'s Motion for his Reply to the Opposition to the Motion to Withdraw deemed timely filed; ECF No. 433, Motion for Reconsideration of the Court's prior order staying the motion to withdraw.)  Many of Mr. Zinnel's filings are duplicative.  (*See* ECF No. 442, Renewed Motion for Recusal; ECF No. 468, Motion for Recusal; ECF No. 460, Objection to Judge Nunley Deciding Motion to Protect Due Process Rights by Keeping Zinnel at FCI Terminal Island and Not Issuing a Writ to Transfer to Sacramento; ECF No. 462, Objection to Judge Nunley Deciding Motion 461 and to Disqualify Judge Nunley.)  All were filed by Mr. Zinnel while Mr. Zinnel was represented by counsel.  (*See* ECF Nos. 429, 433, 442, 456, 457, 458, 459, 460, 461, 467, and 468.)  The Court has already determined that it would not consider filings made pro se by Mr. Zinnel while he was represented by counsel.  (ECF No. 428 at 2) (citing *United States v. Bergman,* 813 F.2d 1027, 1030 (9th Cir. 1987); *United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015)).

Further, none of the filings were properly served on the government.  On the Certificate of Service page of each filing, Mr. Zinnel states that all other participants use CM/ECF and "service will be accomplished by the CM/ECF system."  (*See* ECF Nos. 429 at 10, 433 at 27, 442 at 17, 456 at 10, 457 at 2, 458 at 12, 459 at 13, 460 at 13, 461 at 7, 467 at 6, and 468 at 76.)  This is insufficient.  Local Rule 135(b) (stating that persons who are not registered users of CM/ECF "may not rely on electronic service and must serve documents conventionally as otherwise provided by the Rules"); Fed. R. Crim. P. 49(a) (requiring a party to "serve on every other party any written motion (other than one to be heard ex parte), written notice, designation of the record on appeal, or similar paper…in the manner provided for a civil action").  Accordingly, the Court strikes all "motions" and "requests" filed by Mr. Zinnel.

The Court notes that Mr. Zinnel has indicated he wishes to represent himself. A hearing in this matter is scheduled for September 13, 2018, and the Court will address the issue of Mr. Zinnel's representation at that time.

For the foregoing reasons, the Court hereby:

1. GRANTS Defense Counsel's Motion to be Relieved as Counsel for Defendant, (ECF No. 423);
2. DENIES as moot Defense Counsel's Renewed Motion to be Relieved as Counsel, (ECF No. 438); and
3. STRIKES filings made by Mr. Zinnel, (ECF Nos. 429, 433, 442, 456, 457, 458, 459, 460, 461, 467, and 468).

IT IS SO ORDERED.

Dated: September 6, 2018

Troy L. Nunley
United States District Judge