UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ZINNEL,<br><br>Defendant. | No. 2:11-cr-00234-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Steven Zinnel's ("Defendant") Motion to Vacate his March 7, 2019 Resentencing and Motion to Stay All Further Proceedings. (ECF No. 580.) The United States filed an Opposition on February 21, 2019 (ECF No. 584), and Defendant filed a Reply on February 25, 2019 (ECF No. 587). For the reasons set forth below, the Court hereby certifies Defendant's appeal as frivolous and the Motion is therefore DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 7, 2019, Defendant appeared before the Court on a number of motions, including his Motion for Recusal/Disqualification brought under 28 U.S.C. §§ 144 and 455 (ECF No. 558). (Minutes, ECF No. 571.) The Court denied Defendant's Motion, and Defendant thereafter in Court filed his Appeal of the Court's ruling. (*Id.*) The Notice of Appeal was filed on the docket the same day. (ECF No. 572.) Defendant indicates that he has also submitted a Petition for a Writ of Mandamus to the Ninth Circuit Court of Appeals regarding the same. (*See*

1

1  Def. Mot., ECF No. 580, at 1-2.)  Based on his filings in the Ninth Circuit, Defendant thereafter filed the present Motion to Vacate his Resentencing and to Stay All Further Proceedings.

## II. STANDARD OF LAW

As a general rule, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted).  The Ninth Circuit recently clarified that this divestiture rule is not truly jurisdictional, but instead is better understood as a "mandatory claim-processing rule[] that may be applied in a less stern manner than true jurisdictional rules." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (internal quotation marks omitted) (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017)).  Accordingly, in cases where the district court is concerned about the potential for abuse of the appeals process, it may certify an appeal as frivolous and retain jurisdiction to proceed before an appellate decision issues.  *Id.* at 790-91.  *See also United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009) ("Filing an appeal from an unappealable decision does not divest the district court of jurisdiction." (citing *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993))).  "An appeal is frivolous if it is 'wholly without merit.'" *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n. 3 (9th Cir. 2002) (quoting *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991)).

With the exception of narrowly prescribed circumstances that fall within the collateral order doctrine, "criminal cases generally are not subject to appellate review until after conviction and sentence." *United States v. Lewis*, 368 F.3d 1102, 1104 (9th Cir. 2004) (citations omitted) (internal quotation marks omitted).  For a district court's order to be properly appealable under that doctrine, "the appealed order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Id.* (citations omitted) (internal quotation marks omitted).  This test "is strictly applied, particularly in criminal cases, where an interlocutory order is appealable only where it affects a 'right not to be tried.'" *See United States v. Beltran Valdez*, 663 F.3d 1056, 1057–58 (9th Cir. 2011), citations omitted.

### III. ANALYSIS

"[D]enial of a motion to disqualify is not a final order nor one that should be treated as such[.]" *United States v. State of Wash.*, 573 F.2d 1121, 1122 (9th Cir. 1978). This Court's Order denying Defendant's Motion is therefore not properly subject to an interlocutory appeal. Even assuming the Order in question contains appealable error, such error is not "effectively unreviewable on appeal from a final judgment." *Lewis*, 368 F.3d at 1104. The Court therefore certifies that Defendant's pending appeal is frivolous and, as such, this Court is not divested of jurisdiction. Further, Defendant's petition for a writ of mandamus does not divest this Court of jurisdiction. *See Ellis v. U.S. Dist. Court for W. Dist. of Washington (Tacoma)*, 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc), citing *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995). Consequently, Defendant's Motion (ECF No. 580) is DENIED. The matter will not be stayed and resentencing will proceed as scheduled.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby certifies that Defendant's appeal (*see* ECF No. 572) is frivolous. Defendant's Motion to Vacate his Resentencing and to Stay All Further Proceedings (ECF No. 580) is DENIED.

Dated: March 1, 2019

Troy L. Nunley
United States District Judge