UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00234-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| STEVEN ZINNEL, | |
| Defendant. | |

This matter is before the Court on Defendant Steven Zinnel's ("Defendant") Motion for Bail Pending Appeal. (ECF No. 667.) The Government filed an opposition. (ECF No. 668.) Defendant filed a reply. (ECF No. 669.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 16, 2013, a jury found Defendant guilty of 15 counts in a 19-count superseding indictment: bankruptcy fraud in violation of 18 U.S.C. § 152(7); bankruptcy fraud in violation of 18 U.S.C. § 152(1); nine counts of money laundering in violation of 18 § U.S.C. 1956(a)(1)(B)(i); three counts of transactions in criminally derived property in violation of 18 U.S.C. § 1957; and money laundering conspiracy in violation of 18 U.S.C. § 1956(h).  (ECF No. 222.)

On March 4, 2014, the Court sentenced Defendant to a 212-month term of imprisonment.  (ECF No. 321.)  Defendant appealed.  (ECF No. 326.)  The Ninth Circuit affirmed Defendant's conviction but remanded to this Court for resentencing based on a procedural error regarding Defendant's allocution at sentencing.  (ECF No. 455 at 14–17.)  On May 6, 2019, at the conclusion of a three-day resentencing hearing, the Court sentenced Defendant to a 152-month term of imprisonment.  (ECF No. 651.)

Defendant filed the instant motion for bail pending appeal on March 8, 2021.  (ECF No. 667.)  The Government filed an opposition on March 15, 2021 (ECF No. 668), and Defendant filed a reply on March 22, 2021 (ECF No. 669).

## II.  STANDARD OF LAW

The Court has the authority to release a defendant pending appeal under 18 U.S.C. § 3143(b)(1), which reads:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

### III.   ANALYSIS

#### A.   Flight Risk

Defendant first argues he is not a flight risk. (ECF No. 667 at 2–3.) Defendant argues he has close family ties in California, he made every court appearance while on pretrial release, he has served over 70% of his sentence, and the BOP moved him to a minimum-security prison camp, which suggests the BOP does not consider him to be a flight risk. (*Id.*)

Defendant's arguments are unavailing. The Court remanded Defendant after the jury verdict despite his compliance with pretrial release and family ties. (ECF No. 384 at 36–37.) The Court noted Defendant faced a substantial time in prison in light of the verdict and found Defendant was a flight risk based on his demonstrated history of lying and deceit to the bankruptcy court, the family court, creditors, and his family. (*Id.*) The fact that Defendant has now served a significant portion of his sentence and is currently housed in a low security prison does not ease the Court's concerns that Defendant cannot be trusted. Moreover, as the Government correctly points out, Defendant abused the Court's trust once again when he called his co-Defendant while in custody and arranged a $119,000 payment to her in violation of her conditions of release. (ECF No. 668 at 4, 8.) The Government also emphasizes there is evidence that Defendant concealed assets from the Court. (*Id.* at 8.) The Government's evidence suggests Defendant remains untrustworthy and lacks respect for the Court. Even ignoring the Government's arguments, however, Defendant fails to meet his burden to show by clear and convincing evidence that he is not a flight risk.

#### B.   Danger

Defendant next argues he poses no danger to the community. (ECF No. 667 at 3.) He asserts he lived a law-abiding life before the instant offense and cites character reference letters submitted on his behalf prior to sentencing. (*Id.* at 3–4.) Defendant also argues the BOP has scored Defendant the lowest possible level of risk, he has been incident-free while in prison, and

3

he has completed numerous education courses. (*Id.* at 4.) Lastly, Defendant contends there is no danger of any further offense because his offense was motivated by his animus toward his ex-wife during divorce proceedings, which "is now ancient history." (*Id.*)

In remanding Defendant, the Court found Defendant poses an economic danger to the community. (ECF No. 384 at 27.) The Court stated, "[N]ow that the reality of conviction is undeniable to him, [Defendant is] going to start moving around money . . . [and] needs to be in custody, recorded, so that [doing so] is much harder." (*Id.*) Defendant has provided no new evidence to demonstrate that he is no longer an economic danger to the community. *See United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) (holding that "danger may, at least in some cases, encompass pecuniary or economic harm"). The Court continues to believe imprisonment is necessary to prevent Defendant from committing further economic crimes, especially considering the considerable amount Defendant owes in restitution.

### C.     Substantial Questions of Law or Fact

Defendant argues his appeal raises two issues that, if successful, will result in a sentence that would lead to his immediate release. (ECF No. 667 at 5.) First, Defendant argues that the Court's failure to consider his arguments about sentencing disparity constituted serious procedural error. (*Id.*) Second, Defendant broadly argues the Court's sentence was substantively unreasonable.[1] (*Id.*)

"[A] substantial question is one that is fairly debatable . . . or fairly doubtful. In short, a substantial question is one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations and quotation marks omitted). The Ninth Circuit will "reverse [a district court's] sentence only where it was procedurally erroneous or substantively unreasonable." *United States v. Ruiz-Apolonio*, 657 F.3d 907, 910 (9th Cir. 2011). "It would be procedural error for a district court to fail to calculate — or to calculate incorrectly — the Guidelines range . . . or to fail adequately to explain

---

[1]     Defendant does not cite specific facts that support his second argument in his motion. (*See id.* at 6–7.) Instead, he attaches approximately 30 pages of his appellate brief. (*Id.* at 7 n.1; ECF No. 667 at 22–51.)

4

the sentence selected, including any deviation from the Guidelines range." *Id.* "The explanation must be sufficient to permit meaningful appellate review." *Id.* (internal quotation marks omitted). "While the district court need not . . . articulate in a vacuum how each § 3553(a) factor influences its determination of an appropriate sentence, when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *Id.* at 910–11 (internal quotation marks omitted). "That said, lengthy explanations of sentencing decisions are not necessary if the record makes clear that the sentencing judge considered the evidence and arguments." *Id.* at 911 (internal quotation marks omitted).

At Defendant's resentencing, the Court found an offense level of 36 and criminal history category of 1, which resulted in an advisory guidelines range of 188 to 235 months. (ECF No. 655 at 101–103.) The Court summarized Defendant's arguments from his sentencing memorandum, which was over 300 pages long. (*See* ECF No. 615; ECF No. 655-1 at 28.) The Court then thoroughly addressed the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors and found that those factors as a whole weighed in favor of a within-guideline sentence. (ECF No. 655-1 at 29– 43) (discussing the nature and circumstances of the offense, Defendant's history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, the need to promote respect for the law, the need to afford adequate deterrence, the need to protect the public, and the need to avoid unwarranted sentencing disparity). As to potential sentencing disparities, the Court acknowledged Defendant's arguments, addressed a similar case, emphasized that the need to avoid sentencing disparities is only one of many factors the Court must consider under § 3553(a), and explained the reasons a within-guideline sentence would be warranted despite any purported sentencing disparity. (*Id.* at 38–43.) Although the Court believed a sentence within the guidelines range would be well-supported, the Court ultimately imposed a below-guideline, 152-month term of imprisonment, in part because Defendant expressed some remorse during his allocution. (ECF No. 660 at 52.)

In sum, the Court provided a thorough explanation for its sentencing decision that is sufficient for "meaningful appellate review" and made clear that it considered the evidence, the

arguments, and the § 3553(a) factors.  *See Ruiz-Apolonio*, 657 F.3d at 910.  As such, Defendant fails to persuade the Court that he raises a "fairly debatable" question of law or fact in his appeal. *See Handy*, 761 F.2d at 1283.

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion for Bail Pending Appeal.  (ECF No. 667.)

DATED:  May 11, 2021

Troy L. Nunley
United States District Judge