UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ZINNEL,<br><br>Defendant. | No. 2:11-cr-00234-TLN<br><br>**ORDER** |

This matter is before the Court on remand from the Ninth Circuit Court of Appeals. (ECF No. 691.) The Ninth Circuit affirmed Defendant Steven Zinnel's ("Defendant") 152-month sentence of imprisonment. (*Id.* at 6.) However, the Ninth Circuit vacated three standard conditions of supervised release and remanded to this Court for further consideration of those conditions. (*Id.*) The Court will address those conditions in turn.

First, the Ninth Circuit vacated standard conditions 4 and 12, stating those conditions are unconstitutionally vague following its decision in *United States v. Evans*, 883 F.3d 1154, 1163–64 (9th Cir. 2018).

Accordingly, standard condition 4 is MODIFIED to read:

> You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about

1

>    your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Standard condition 12 is MODIFIED to read:

>    If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

*See* U.S.S.G. § 5D1.3; *see also United States v. Gibson*, 998 F.3d 415, 423 (9th Cir. 2021) ("The condition in the Sentencing Guidelines Manual that we have endorsed multiple times may be flexible, but it is sufficiently certain to withstand constitutional scrutiny.").

Lastly, standard condition 8 states, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer." (ECF No. 653 at 5.)  The Ninth Circuit took issue with standard condition 8 because it would prevent Defendant from contacting his life partner of over 19 years during his three-year term of supervised release. (ECF No. 691 at 5.)  As such, this Court VACATES standard condition 8.

The Court also DENIES the Government's Motion to Strike Defendant's Waiver of Personal Appearance (ECF No. 687) as moot.

IT IS SO ORDERED.

Dated:  October 18, 2021

>                                             Troy L. Nunley
>                                             United States District Judge