# UNITED STATES DISTRICT COURT
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**STEVEN ZINNEL** | THIRD AMENDED JUDGMENT IN A CRIMINAL CASE<br>Case Number: **2:11CR00234-1**<br>Defendant's Attorney: Tasha Chalfant, Hybrid Counsel, Appointed |

**Date of Original Judgment:** __October 19, 2021__
(Or Date of Last Amended Judgment)

**THE DEFENDANT:**

[ ] pleaded guilty to count(s) ___.
[ ] pleaded nolo contendere to count(s) ___ , which was accepted by the court.
[✓] was found guilty on Counts __1, 2, 4-12, 15-18__ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:
**See next page.**

     The defendant is sentenced as provided in pages 2 through ___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ .
[ ] Count(s) ___ dismissed on the motion of the United States.
[✓] Indictment is to be dismissed by District Court on motion of the United States.
[✓] Appeal rights given.    [ ] Appeal rights waived.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution or fine, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/19/2021
Date of Imposition of Judgment

*/s/ Troy L. Nunley*
Signature of Judicial Officer
**Troy L. Nunley**, United States District Judge
Name & Title of Judicial Officer
10/21/2021
Date

DEFENDANT: **STEVEN ZINNEL**  
CASE NUMBER: **2:11CR00234-1**

Page 2 of 9

| Title & Section | Nature of Offense | Offense Ended | Count Number |
|---|---|---|---|
| 18 U.S.C. § 152(7) | Bankruptcy Fraud (Class D Felony) | 07/20/2005 | 1 |
| 18 U.S.C. § 152(1) | Bankruptcy Fraud (Class D Felony) | 09/06/2006 | 2 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering (Class C Felony) | 12/27/2006 | 4 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering (Class C Felony) | 10/04/2007 | 5-6 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering (Class C Felony) | 10/09/2007 | 7 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering (Class C Felony) | 12/28/2007 | 8 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering (Class C Felony) | 02/14/2008 | 9 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering (Class C Felony) | 04/01/2008 | 10 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering (Class C Felony) | 06/12/2008 | 11 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering (Class C Felony) | 07/07/2008 | 12 |
| 18 U.S.C. § 1957 | Transactions in Criminally Derived Property (Class C Felony) | 01/10/2007 | 15 |
| 18 U.S.C. § 1957 | Transactions in Criminally Derived Property (Class C Felony) | 03/21/2007 | 16 |
| 18 U.S.C. § 1957 | Transactions in Criminally Derived Property (Class C Felony) | 08/28/2007 | 17 |
| 18 U.S.C. § 1956(h) | Money Laundering Conspiracy(Class C Felony) | 03/02/2009 | 18 |

DEFENDANT: **STEVEN ZINNEL**  
CASE NUMBER: **2:11CR00234-1**

Page 3 of 9

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
<u>60 months on each of Counts 1 and 2, 152 months on each of Counts 4-12, and 120 months on each of Counts 15-18 of the Superseding Indictment, all to run concurrently to each other, for a TOTAL TERM of 152 months.</u>

- [ ] No TSR: Defendant shall cooperate in the collection of DNA.

- [✓] The court makes the following recommendations to the Bureau of Prisons:
  The Court recommends that the defendant be incarcerated at FCI Terminal Island, California, but only insofar as this accords with security classification and space availability. The Court recommends the defendant participate in the RDAP Drug Treatment Program.

- [✓] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district
  - [ ] at ___ on ___.
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before ___ on ___.
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Officer.
  
  If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____  
United States Marshal

_____  
By Deputy United States Marshal

AO 245B-CAED (Rev. 09/2019) Sheet 3 - Supervised Release

DEFENDANT: **STEVEN ZINNEL**  
CASE NUMBER: **2:11CR00234-1**

Page 4 of 9

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
<u>36 months on each of Counts 1-2, 4-12 and 15-18 of the Superseding Indictment, all to run concurrently to each other, for a TOTAL TERM of 36 months.</u>.

The defendant must report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

- [✓] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

- [✓] The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon. (Check, if applicable.)

- [✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of qualifying offense. (Check, if applicable)

- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B-CAED (Rev. 09/2019) Sheet 3 - Supervised Release

DEFENDANT: **STEVEN ZINNEL**  
CASE NUMBER: **2:11CR00234-1**

Page 5 of 9

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. The defendant shall not leave the judicial district without permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4. *The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where he works or anything about his work (such as his position or job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
5. The defendant shall notify the probation officer ten days prior to any change in residence or employment;
6. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
8. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
9. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
10. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
11. *If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____          Date _____

DEFENDANT: **STEVEN ZINNEL**
CASE NUMBER: **2:11CR00234-1**

Page 6 of 9

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution ordered by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

6. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to any unpaid restitution ordered by this Judgment.

7. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

8. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

9. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

DEFENDANT: **STEVEN ZINNEL**  
CASE NUMBER: **2:11CR00234-1**

Page 7 of 9

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

**TOTALS**

| Processing Fee | Assessment | AVAA Assessment* | JVTA Assessment** | Fine | Restitution |
|---|---|---|---|---|---|
| | $1,500.00 | | | $500,000.00 | $2,513,319.00 |

[ ]  The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

[✓]  The Court orders the defendant to pay restitution to the victim(s) as outlined in the Restitution Attachment on Sheet 5B.

In addition, the Court gives notice that this case involves other defendants, or may involve other defendants, who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future. Such future orders do not increase the amount of restitution ordered against the defendant.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

[ ]  Restitution amount ordered pursuant to plea agreement $ ___

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✓]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [✓]  The interest requirement is waived for the   [✓] fine   [✓] restitution

   [ ]  The interest requirement for the   [ ] fine   [ ] restitution is modified as follows:


[✓]  If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✓]  If incarcerated, payment of the restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2019) Sheet 5B - Criminal Monetary Penalties

DEFENDANT: **STEVEN ZINNEL**  
CASE NUMBER: **2:11CR00234-1**

Page 8 of 9

## RESTITUTION PAYMENTS

Restitution of $2,513,319.00 to:

| | |
|---|---|
| ARROW FINANCIAL SERVICES<br>MALVERN, PA 19355-0701<br>$141.50 | FIRST BANK<br>CITRUS HEIGHTS, CA 95610<br>$156,663.27 |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA<br>SAN FRANCISCO, CA 94111<br>$569,502.65 | FOG CUTTER SERVICES<br>PORTLAND, OR 97208-2665<br>$10,799.35 |
| GENERAL INSURANCE COMPANY OF AMERICA<br>SAN FRANCISCO, CA 94111<br>$866,803.83 | MBNA AMERICA BANK<br>WILMINTON, DE 19060<br>$3,641.15 |
| MICHELLE ZINNEL<br>ROSEVILLE, CA 95678<br>$305,058.28 | SAFECO INSURANCE COMPANY OF AMERICA<br>SAN FRANCISCO, CA 94111<br>$6,202.80 |
| TRAVELERS CASUALITY AND SURETY CO.<br>HARTFORD, CT 06183<br>$286,000.00 | WELLS FARGO CARD SERVICES<br>DES MOINES, IA 50306<br>$8,506.17 |
| ZAC ZINNEL<br>ELK GROVE, CA 95758<br>$150,000.00 | ZAYNA ZINNEL<br>ELK GROVE, CA 95758<br>$150,000.00 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. [ ]   Lump sum payment of $ ___ due immediately, balance due

- [ ]   Not later than ___, or
- [ ]   in accordance   [ ] C,   [ ] D,   [ ] E, or   [ ] F below; or

B. [✓]   Payment to begin immediately (may be combined with   [ ] C,   [ ] D,   or [ ] F below); or

C. [ ]   Payment in equal ___ *(e.g. weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g. months or years)*, to commence ___ *(e.g. 30 or 60 days)* after the date of this judgment; or

D. [ ]   Payment in equal ___ *(e.g. weekly, monthly, quarterly)* installments of $ ___ over a period of ___ *(e.g. months or years)*, to commence ___ *(e.g. 30 or 60 days)* after release from imprisonment to a term of supervision; or

E. [ ]   Payment during the term of supervised release/probation will commence within ___ *(e.g. 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendants ability to pay at that time; or

F. [ ]   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[✓]   The defendant shall forfeit the defendant's interest in the following property to the United States: *The Stipulation for Final Order of Forfeiture and Order filed on 6/5/2014, and the Final Order of Forfeiture Regarding Substitute Property filed on 2/3/2015, are hereby incorporated in their entirety.*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.